GAVIN K. LETTS, Associate Judge.
The trial judge held that an inter vivos grant of real estate by a mother to a son, who was also a one-half residuary devisee of the same real estate under his mother’s will, did not constitute an ademption by satisfaction. We disagree and reverse.
The will executed in 1984 contained the following provision:
At the present time my residuary estate is made up of [the 1801 property and the Flamingo Way Property]_ It is hereby directed that the [1801 property] be included and shall pass to my son [Roy] as part of his share in my residuary estate. It is further directed that after an appraisal of the [Flamingo Way] property, that the share of my son, [Roy], in said property be diminished proportionately because of the share of the [1801 property] received by him.[1]
By quit claim deed, two months before the mother’s death, she granted to her son Roy the same 1801 property referred to in the will. Roy now contends that his one-half share in the residuary estate should not be diminished proportionately by reason of his receipt of the 1801 property prior to her death.
The outcome here is controlled by section 732.609, Florida Statutes (1987) which provides:
Ademption by satisfaction.
Property that a testator gave to a person in the testator’s lifetime is treated as a satisfaction of a devise to that person, in whole or in part, only if the will provides for the deduction of the lifetime gift, the testator declares in a contemporaneous writing that the gift is to be deducted from the devise or is in satisfaction of the devise, or the devisee acknowledges in writing that the gift is in satisfaction. For purposes of part satisfaction, property given during the testator’s lifetime is valued at the time the devisee came into possession or enjoyment of the property or at the time of the death of the testator, whichever occurs first, (emphasis supplied.)
*195 All parties to this appeal are in agreement that this case involves neither a contemporaneous writing, nor an acknowledgment in writing that the inter vivos gift was intended as a satisfaction of the devise. They also agree that the sole question here is whether the will itself provides for a “deduction of the lifetime gift.” The son says the will does not so provide, while the devisees of the remaining one-half of the residuary real estate argue that it does. We agree with the latter.
The son contends that it is clear that this will only contemplates a proportionate diminution if the 1801 property is still in the mother’s estate at the time of her death. It is true that the quoted paragraph of the testamentary instrument commences with the words: “At the present time” which time is, of course,' the date of execution thereof. However, we are convinced that the wording of the will contemplates the deduction of the lifetime gift of that particular 1801 real estate.
Page, in his treatise on wills,[2] remarks that by the great weight of authority, which we adopt, see Redding v. Bank of Greenville, 92 Fla. 327, 109 So. 435 (1926), an inter vivos conveyance of the same land identified in the will operates both as an ademption by extinction, since the testator does not own the land at the time of his death, and as an ademption by satisfaction because the devisee received by deed the very same land which was devised to him under the will. That is exactly what transpired in the case sub judice.
All parties to this controversy agree that summary judgment is appropriate, their dispute centering on who is so entitled. As a consequence, we reverse the final summary judgment entered in favor of the son and remand this cause for the entry of a final summary judgment in accordance herewith.
REVERSED AND REMANDED.

1. The 1801 "property” and the Flamingo Way "property” are each a parcel of real estate.

. 6 Bowe-Parker: Page on Wills § 54.37 (1962).