PER CURIAM.
Following our decision in Shinn v. Schneider, 549 So.2d 194 (Fla. 3d DCA 1989), rev. denied, 563 So.2d 633 (Fla.1990), the trial court surcharged the deceased’s son, Roy Schneider, Jr., $100,000 for the real property which the deceased conveyed to the son just before the deceased’s death. We held in Shinn that the inter vivos conveyance of this realty constituted an ademption by satisfaction of the residuary devise which the son received under the deceased’s will. Upon remand, the trial court, in effect, valued this property at $200,000 at the time of the conveyance to the son; allowed the son to retain $100,000 value of this property as a one-half residuary devisee under the will of the deceased; and ordered the son to pay in cash the remaining $100,000 value in this property to the remaining residuary devisees under the deceased’s will. The son appeals, and the residuary devisees cross appeal. We affirm on the main appeal, but reverse on the cross appeal.
On the main appeal, we reject the son’s contention that the value of the property in question at the time of the conveyance should be discounted by the $200,000 mortgage which the deceased had previously placed on the property. This is so because the son (a) ultimately received the entire proceeds of this mortgage, and (b) subsequent to the deceased’s death, sold the property and satisfied the mortgage from the proceeds of the sale; for purposes of valuing this gift to the son, it was therefore proper not to discount the mortgage in this ease. This result is not changed by the fact that the proceeds of the subject mortgage first went to a corporation which the son owned, and then to the son. See In re William’s Will, 71 N.M. 39, 376 P.2d 3, 20-21 (1962); 6 William J. Bowe & Douglas H. Parker, Page on the Law of Wills § 54.36 (4th ed. 1962).
On cross appeal, we agree with the residuary devisees that the trial court erred in setting a fair market value for the subject property at the time of the conveyance to the son at $200,000 because there is insufficient *112 evidence adduced below to support such a valuation; although the property was mortgaged for $200,000, clearly the property was not mortgaged at 100% market value. Indeed, the son argues, and we agree, that the correct fair market value of the property was $270,000 at the time of the conveyance to the son, the amount at which the property was assessed for federal estate and gift tax purposes; we disagree, however, with the son that this $270,000 fair market value should be discounted by the amount of. the mortgage, for reasons previously stated. On the cross appeal, we conclude that the trial court erred in setting a fair market value of $200,000 for the subject property at the time of the conveyance to the son; the correct valuation should have been $270,000. § 732.609, Fla. Stat. (1987).
The final order appealed from is affirmed on the main appeal, but reversed on the cross appeal, and the cause is remanded to the trial court with directions (1) to set a fair market value of the subject property at $270,000 at the time of the conveyance of same to Roy J. Schneider, Jr., (2) to allow Roy J. Schneider, Jr. to retain $135,000 value of this property as a one-half residuary devi-see under the deceased’s will, and (3) to assess a surcharge against Roy J. Schneider, Jr. of $135,000 payable to the remaining residuary devisees under the deceased’s will.
Affirmed in part; reversed in part.